## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| MICHAEL DANSKIN, INDIVIDUALLY | ) | |
| AND ON BEHALF OF ALL OTHERS | ) | |
| SIMILARLY SITUATED, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No.: |
| | ) | |
| v. | ) | |
| | ) | |
| DIRECT RECOVERY SERVICES, LLC | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S CLASS-ACTION COMPLAINT

Plaintiff, MICHAEL DANSKIN ("Plaintiff"), on behalf of himself and the class of similarly situated individuals, as defined below, through Plaintiff's attorney, HYSLIP & TAYLOR, LLC LPA, alleges the following against defendant, DIRECT RECOVERY SERVICES, LLC ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

2. The purpose of this statute is to protect unsophisticated consumers from acts or practices that are abusive, deceptive, and harassing.

3. The FDCPA is a strict liability statute that creates specific requirements debt collectors must follow. *Picht v. Jon R. Hawks, Ltd.*, 236 F.3d 446, 451 (8th Cir. 2001).

4. The collection calls at issue in the class action violate the clear language of the FDCPA by (a) using language designed to harass, oppress, intimidate, scare, and mislead

consumers, (b) failing to use language required by the FDCPA, and (c) communicating about an alleged consumer debt with a party other than the consumer without the consumer's consent.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, 15 U.S.C. § 1692k, and 15 U.S.C. § 1693(m).

6.  Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

7.  Venue and personal jurisdiction in this District are proper because the only defendant in this action resides in this judicial district.

## PARTIES

8.  Plaintiff is a natural person residing in Las Vegas, Nevada.

9.  Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

10. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

11. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

12. Defendant attempted to collect a consumer debt from Plaintiff.

13. Defendant is a debt collector domiciled in Two Harbors, Minnesota.

14. Defendant is a business entity engaged in the collection of debt within the States of Nevada and Minnesota.

15. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

16. A principal purpose of Defendant's businesses is the collection of debts allegedly owed to third parties.

17. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

18. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

19. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

20. Defendant's agents, employees, officers, members, directors, and representatives were working within the course and scope of their employment when taking the actions stated herein.

**FACTUAL ALLEGATIONS**

21. Defendant is attempting to collect an alleged consumer debt (the "Debt") from Plaintiff.

22. The Debt arose from transactions for personal, family, or household purposes.

23. Plaintiff was unaware of any alleged debt owed to Defendant or its client prior to

July 26, 2016.

24. On or around July 26, 2016, Defendant placed a collection call to Plaintiff.

25. Plaintiff did not answer the aforementioned call and Defendant left the following voicemail message (the "Message"):

> Federal law designates this matter as a confidential notice for Michael B. Danskin. If you are not Michael B. Danskin, please hang up now. Hello, this is Susan Fits. Unfortunately, we received notice on your file today. It is Tuesday the 26th of July and your file has been escalated to our office due to your failure to respond. Before the end of business today we do need to know, was this done intentionally or was this an oversight. I suggest you communicate or have your attorney call no later than seven p.m. today. The phone number is 612-605-6800. Again, it would behoove you to call before we are asked to cease voluntary communications. 612-605-6800. I apologize for the aggravation but we only received the notice this morning. We may speak with you or counsel. This message is from Direct Recovery Services. Any information obtained will only be used for the purpose of collecting this debt. It is our obligation to pursue this matter to the full extent of the law.

26. On or around July 26, 2016, Defendant left the same message on a phone line completely separate and apart from Plaintiff, belonging to Plaintiff's mother.

27. On or around July 26, 2016, Defendant left the same message on a phone line completely separate and apart from Plaintiff, belonging to Plaintiff's wife.

28. On or around July 26, 2016, Defendant left the same message on a phone line completely separate and apart from Plaintiff, belonging to Plaintiff's uncle.

29. The Message is unfair, false, deceptive, and misleading because federal law does not designate the "matter" referred to in the Message as a confidential notice for Plaintiff.

30. The Message is unfair, false, deceptive, and misleading because there is nothing "unfortunate" about Defendant receiving notice of any file related to Plaintiff.

31. The Message is unfair, false, deceptive, and misleading because any file related to Plaintiff obtained by Defendant had not been "escalated" in any way at the time of the Message.

32. The Message is unfair, false, deceptive, and misleading because any file related to Plaintiff obtained by Defendant had not been "escalated" due to Plaintiff's failure to respond because Plaintiff had no opportunity to respond before the Message.

33. The Message is unfair, false, deceptive, and misleading because Defendant did not "need to know" anything from Plaintiff by the end of business on the day of the Message, an arbitrary and meaningless deadline.

34. The Message is unfair, false, deceptive, and misleading because there was no reason for Plaintiff to contact Defendant before Seven O'clock p.m. on the day of the message, an arbitrary and meaningless deadline.

35. The Message is unfair, false, deceptive, and misleading because it would not have behooved Plaintiff to contact Defendant before any point in which Defendant was "asked to cease voluntary communications."

36. The Message is unfair, false, deceptive, and misleading because it was not Defendant's obligation to pursue any matter related to Plaintiff to the full extent of the law.

37. The statements in the Message discussed in paragraphs 29 through 36 of this Complaint are designed to harass, oppress, intimidate, scare, and mislead Plaintiff.

38. Defendant's message fails to state that the communication is from a debt collector

attempting to collect a debt and any information obtained will be used for that purpose.

39. Defendant communicated, without the prior consent of Plaintiff given directly to Defendant, in connection with the collection of a debt and not for the purpose of acquiring location information about the consumer, with persons other than the consumer, his attorney, or those otherwise permitted by law.

40. Defendant's Message evidences collection tactics that are unfair and unconscionable.

41. Defendant's collectors were working within the course and scope of their employment when they communicated with Plaintiff and Plaintiff's family members.

42. Defendant's collectors are familiar with the FDCPA.

43. The natural consequence of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

44. The natural consequence of Defendant's statements and actions was to cause Plaintiff mental and emotional distress.

## CLASS ACTION ALLEGATIONS

45. The preceding paragraphs are incorporated as if fully stated herein.

46. Plaintiff brings this action on behalf of himself and all others similarly situated (the "Class") for the purpose of asserting the claim alleged in this Complaint on a common basis.

47. Plaintiff represents, and is a member of, the Class, which is defined as follows:

> All persons in the United States of America who, within one
> year of the filing of this action, received either a telephone,

6

voicemail, or answering machine message from Defendant that (a) contained statements designed to harass, oppress, intimidate, scare, and mislead the person and/or (b) failed to state that the communication was from a debt collector attempting to collect a debt and any information obtained would be used for that purpose, and/or whose family member, employer, friend, and/or acquaintance received either a telephone, voicemail, or answering machine message from Defendant that improperly communicated regarding the collection of a debt allegedly owed by the person.

48. Defendant, its employees, and agents are excluded from the Class.

49. Persons are considered in the United States of American if the they reside at an address with a United States Zone Improvement Code.

50. The Class that Plaintiff seeks to represent contains numerous members and is clearly ascertainable including, without limitation, by using Defendant's records to determine the size of the Class and to determine the identities of individual Class members.

51. Plaintiff reserves the right to modify the Class definition as warranted as facts are revealed through further investigation and discovery.

52. By its unlawful actions, Defendant has violated Plaintiff's and the Class's rights under the FDCPA, specifically, 15 U.S.C. §§ 1692c, 1692d, 1692e and 1692f.

53. The questions raised are of common or general interest to the Class, who have a well-defined community of interest in the questions of law and fact raised in this action.

54. Plaintiff's claims are typical of those of the Class, as Plaintiff now suffers from the same violations of law as other putative Class members.

55. Plaintiff has retained counsel with experience in litigating complex litigation and class actions to represent his and the Class, and Plaintiff will fairly and adequately represent the interests of the Class.

56. This action may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed Class is ascertainable.

57. Plaintiff does not know the number of members in the Class, however, on information and belief, the Class consists of hundreds or thousands of individuals, making joinder of individual cases impracticable.

58. Plaintiff's claims are typical of the claims of all other Class members.

59. Plaintiff's claims and the Class members' claims are based on the same legal theories and arise from the same unlawful conduct, resulting in the same injury to Plaintiff and to all the other Class members.

60. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members.

61. The common questions of law and fact include, without limitation, the following:

    a. Whether Defendant's Message violated 15 U.SC. §§ 1692c, 1692d, 1692e, and 1692f.

    b. Whether Defendant's Message was designed to harass, oppress, intimidate, scare, and mislead the recipient;

    c. Whether Defendant's Message contained the information required by the FDCPA;

    d.   Whether the Defendant's message improperly communicated with third parties;

    e.   Whether Plaintiff and the Class members are entitled to damages due to the actions of Defendant.

62. Plaintiff will fairly and adequately represent and protect the interests of the other Class members.

63. Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the other Class members and have the financial resources to do so.

64. Neither Plaintiff nor his counsel have any interests adverse to those of the other Class members.

65. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.

66. Even if every individual Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts if individual litigation of the numerous cases were to be required.

67. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues.

68. By contrast, conducting this action as a class action will present fewer management difficulties, conserve the resources of the parties and the court system, and protect the rights of each Class member.

69. A class action will prevent the very real harm that would be suffered by numerous putative Class members who will be unable to enforce individual claims of this size on their own.

70. Plaintiff anticipates no difficulty in the management of this case as a class action.

71. The prosecution of separate actions by individual Class members may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to those adjudications, or that would otherwise substantially impair or impede the ability of those non-party Class members to protect their interests.

72. The prosecution of individual actions by Class members would establish inconsistent standards of conduct for Defendant.

73. Defendant has acted in ways generally applicable to the Class, thereby making appropriate final and injunctive relief or corresponding declaratory relief with regard to members of the Class as a whole.

74. Likewise, Defendant's conduct as described above is unlawful, is capable of repetition, and will continue unless restrained and enjoined by the Court.

## VIOLATIONS OF THE FDCPA

75. The preceding paragraphs are incorporated as if fully stated herein.

76. Defendant is liable under 15 U.S.C. § 1692c for improperly communicating with third parties.

77. Defendant is liable under 15 U.S.C. § 1692d for engaging in conduct the natural consequence of which is to harass, oppress, or abuse consumers in connection with the collection of a debt.

78. Defendant is liable under 15 U.S.C. § 1692e for making false, deceptive, and misleading representations regarding the alleged debt.

79. Defendant is liable under 15 U.S.C. § 1692f for using unfair and unconscionable debt collection methods.

## PRAYER FOR RELIEF

Plaintiff, on behalf of himself and the members of the Class, respectfully requests judgment be entered against Defendants, including the following relief:

1.  An order certifying the Class and appointing named Plaintiff as representative of the Class, and appointing counsel for Plaintiff as lead counsel for the Class;

2.  An order declaring the actions of Defendant, as described herein, violate 15 U.S.C. §§ 1692c, 1692d, 1692e and 1692f;

3.  An injunction requiring Defendant to cease leaving messages that violate 15 U.S.C. §§ 1692c, 1692d, 1692e and 1692f;

4.  Statutory damages of $1,000, pursuant to 15 U.S.C. § 1692k, per Class member for Defendant's violations 15 U.S.C. §§ 1692c, 1692d, 1692e and 1692f subject to the limitations described in the FDCPA;

5. All actual damages, pursuant to 15 U.S.C. § 1692k, suffered by each Class member for Defendant's violations of 15 U.S.C. §§ 1692c, 1692d, 1692e and 1692f subject to the limitations described in the FDCPA;

6. All costs and attorney's fees incurred by Plaintiff and the Class pursuant to 15 U.S.C. § 1692k;

7. Any other relief this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

DATED:  February 23, 2017                    RESPECTFULLY SUBMITTED,


By:____/s/ J.D. Haas_____

*Of Counsel*
J.D. Haas, Esq.
SBN# 164173
Attorney for Plaintiff
HYSLIP & TAYLOR, LLC, LPA
9801 Dupont Avenue South
Suite 430
Bloomington, MN  55431
Phone: 952-345-1025
Facsimile: 952-854-1665
Email: jdhaas@jdhaas.com